## COOKSEY v. McCRERY.

CONFEDERATE MONEY — *Not a valid payment.* — The payment in confederate money is not a valid discharge or payment of a debt or obligation. (*Thompson vs. Mankin*, 26 *Ark.*, 586, *and Vinsant vs. Knox, page* 266. *Approved.*)

APPEAL FROM DALLAS CIRCUIT COURT.

HON. E. J. SEARLE, *Circuit Judge.*

*English, Gantt & English*, for Appellant.
*Gallagher, Newton & Hempstead*, for Appellee.

GREGG, J. — The appellee brought his suit to the March term, 1868, of the Dallas Circuit Court, upon a bond, executed by the appellant to Benjamin E. Williamson, on the 27th of June, 1867, for the sum of $400, conditioned, that whereas said Williamson had purchased certain Internal Improvement Lands from the State, and executed his note in the sum of $200 therefor, and that the said Cooksey should well and truly pay off said note and safely indemnify said Williamson from any damage or loss, and transferred to him the certificate of purchase.

And he alleged, as a breach, that the said appellant did not indemnify and save the said Williamson from damage, but neglected and failed to pay off said note when the same became due and payable, or thereafter, but that on the 20th day of February, 1863, said Williamson died, and afterwards letters of administration were granted N. A. Williamson and J. D. Bellah, and that in November, 1863, said note was presented to them as such administrators, and they paid off the same, and that thereafter their letters of administration were revoked and letters *de bonis non* granted to appellee, and that he, as such administrator, had sustained damages to the amount of $400.

At the April term, 1870, the appellant appeared and filed four pleas. The first, that the plaintiff had not been damaged. The second, that the appellant was ready and willing to pay

off and discharge said writing obligatory when the same became due, but the same was then in the hands of the officers of the government of the State of Arkansas, then in rebellion against the government of the United States, and that, while said writing obligatory, in said bond referred to, was in the hands of said officers, then in rebellion, said plaintiff paid off the same to them. The third, that on the 18th of November, 1863, the plaintiff paid off said writing obligatory, to the officers of the State, then in rebellion, in confederate money, Arkansas war bonds or Arkansas treasury notes, which money had been issued and put in circulation to carry on war against the United States; and thus said writing came into the hands of said plaintiff, contrary to public policy. The fourth, a general averment of payment in confederate money, to officers engaged in rebellion, etc.

The pleas were all duly sworn to. At the September term, 1870, the court sustained a demurrer to all the pleas, and the appellant declining to plead further, a jury was empaneled and assessed the appellee's damages at three hundred and fifty-nine dollars, whereupon the court rendered judgment for the penalty of the bond and ordered execution for the amount of damages so assessed, from which ruling and judgment this appeal is prosecuted.

The first plea seems to be but a general issue. The appellee alleged, that by reason of the appellant's failing to comply with the conditions in his bond, he was damaged in the sum of four hundred dollars; the plea avers that the appellee had not, at any time since the making of the bond and conditions therein, been in any manner damnified by reason of any matter or thing in said condition mentioned. This appears to us a traverse of the breach alleged, and we see no sufficient reason why the demurrer should have been sustained to this plea.

The second plea avers that the writing obligatory was not paid to any one entitled to collect the same, but was paid to pretended officers of the State, then engaged in rebellion.

The handing of money over to persons not authorized to receive it, is certainly no valid payment of a debt.

The third and fourth pleas aver that the payment made was in confederate notes, or Arkansas war bonds or treasury notes, issued in aid of the rebellion against the United States.

Under the decisions of this court, these pleas, if true, necessarily defeated the appellee's right of recovery. *Latham vs. Clark*, 25 *Ark.*, 574; *Jordan vs. Walker*, 26 *Ark.*, 1; *Penn vs. Tollison*, 26 *Ark.*, 545; *Booker vs. Robins & Page, Ib.* 660, and other cases.

The record further shows that N. A. Williamson and J. D. Bellah, who, it is alleged, made the payment, were not legally authorized to do so; *Thompson v. Mankin*, 26 *Ark.*, 586; *Vinsant vs. Knox*, decided at present term; and hence, if paid by them, it was of their own choice and not binding upon the appellant, and for that reason the appellee's demurrer should have been held to reach back and defeat his declaration.

For these reasons the judgment must be reversed and the cause remanded to be proceeded in according to law and not inconsistent with this opinion.

SEARLE, J., being disqualified, did not sit in this case.

HON. S. R. HARRINGTON, *Special Supreme Judge.*